**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GAETANO PATAFIL,<br><br>    **Plaintiff,**<br><br>v.<br><br>WALMART, INC.,<br><br>    **Defendant.** | **CASE NO.:**<br>**3:21-cv-00433-MPS**<br><br>**JOINT LOCAL RULE 26(F)**<br>**REPORT OF PARTIES**<br>**PLANNING MEETING**<br><br>**APRIL 21, 2021** |

Date Complaint Filed: March 29, 2021 (removed from Connecticut Superior Court)

Date Complaint Served: March 2, 2021

Date of Defendant's Appearance: March 29, 2021

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn.L.Civ.R. 16, a conference was held via exchange of phone calls and e-mail correspondence commencing April 16, 2021 and ending April 21, 2021. The participants were as follows:

- Michael E. Skiber, Esq. of the Law Offices of Michael Skiber for the Plaintiff;
- Michael Kenney of Freeman Mathis & Gary, LLP for the Defendant.

**I.   CERTIFICATION**

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients,

1

have developed the following proposed case management plan. The undersigned counsel further certify that they have forwarded a copy of this report to their clients.

## II.     JURISDICTION

A.     <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction based upon diversity of citizenship, pursuant to Title 28, United States Code, §1332, in that the court's subject matter jurisdiction is founded on complete diversity of citizenship between the parties and the fact that, on the face of the Plaintiffs' Complaints, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

B.     <u>Personal Jurisdiction</u>.  Personal jurisdiction is not contested.

## III.    BRIEF DESCRIPTION OF THE CASE

A. *Claims of the Plaintiff:*

The Complaint in this action sounds in negligence and arises from an incident that occurred on June 10, 2020 within the interior of the Wal-Mart store located at 680 Connecticut Avenue, Norwalk, Connecticut. The Plaintiff was exiting the store when he was caused to slip and fall near the exit of the Premises due to a puddle of water that originated from a freezer unit that contained ice bags. The Plaintiff claims that his injuries were due to the negligence the Defendant in one or more of the following ways: failed to maintain the walkway areas in an orderly manner, failed to inspect, or adequately inspect said walkway in order to ensure its safety, they knew, or should have known, that water in the walkway created an unsafe and dangerous condition for business patrons, such as the plaintiff, failed to remedy, or adequately remedy said puddle of water in the walkway creating an unsafe and/or dangerous condition for shoppers, such as the plaintiff, allowed, caused and/or permitted the liquid substance to remain on the Premises, thereby creating a danger to those

on the Premises, such as the plaintiff, and/or, failed to warn, or adequately warn shoppers, such as the plaintiff, that the walkway was in an unsafe and dangerous condition due to the presence of water on the floor. The injuries and losses claimed by the Plaintiff, some of which are permanent, include, but are not limited to, lumbar facet syndrome, annular bulge at L2-3, L3-4, L4-5 and L5-S1, neural foraminal narrowing at L2-3, L3-4, L4-5 and L5-S1, sprain of ligaments of lumbar spine, sprain of ligaments of cervical spine, sprain of ligaments of thoracic spine, sprain of sacroiliac joint, muscle spasms, physical pain, and severe shock to the nervous system. The Plaintiff is further claiming pain and suffering, as well as future medical expenses, lost wages and an impairment of his earning capacity.

      B.  *Defenses and Claims of the Defendants:*

The Defendant denies the factual allegations asserted by the plaintiff and that it was negligent in any respect, and will claim that the accident and the Plaintiffs' alleged injuries and losses were due to the negligence and carelessness of the Plaintiff.  In addition to any defenses, the Defendant will likely claim that this accident was not a substantial factor in one or more of the injuries and losses claimed by the Plaintiff.

**IV.**    **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.   At this time the parties have agreed that the following facts are undisputed:

1. That Defendant Walmart, Inc. owned, controlled and/or maintained the store where the incident at issue in this case is alleged to have occurred.

2. The Plaintiff's status vis à via Defendant Walmart, Inc. was that of a business invitee.

The parties will endeavor to ascertain additional undisputed facts through discovery.

**V.      CASE MANAGEMENT PLAN**

      A.      *Initial Disclosures.*  Initial Disclosures will be served by May 31, 2021.

      B.      *Scheduling Conference.*

        1. The parties do request to be excused from holding a pretrial conference with the Court before the entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

        2. The parties do not request an early settlement conference.

        3. The parties prefer a settlement conference, when such a conference is held, be conducted in person (if possible).

      C.      *Early Settlement Conference*.

        1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

        2.      The parties do not request an early settlement conference.

        3.      The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

        4.      The parties do not request referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

      D.      *Joinder of Parties and Amendment of Pleadings*.

The parties have discussed perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

      1.      The Plaintiff should be allowed until April 30, 2021 to file motions to join additional parties and to file motions to amend the pleadings (such filings are not anticipated). Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

      2.      The Defendant has previously filed its answer.

E.    *<u>Discovery</u>*

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed.R.Civ.P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

    a.     The parties anticipate that discovery will be needed on the following subjects: (a) Liability, including the facts and circumstances of the incident, the nature and origin of the alleged defect, and any witnesses to the incident; (b) Causation, to include any injury claims made and any prior or subsequent injuries or conditions relevant to the injuries or losses claimed by the Plaintiff; and (c) Damages, to include the Plaintiff's injury claims as well as any claims of economic loss, including wages or earning capacity. The parties do anticipate the need for expert discovery as described below.

    b.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by May 15, 2022.

    c.     Discovery will not be conducted in phases.

    d.     Discovery will be completed by May 15, 2022.

e.	If discovery will be conducted in phases, describe each phase and state the date by which it will be completed.

f.	The parties anticipate that Plaintiff will require a total of 2 - 3 depositions of fact witnesses and that the Defendants will require a total of 1 - 3 depositions of fact witnesses (including the plaintiff). The depositions will commence by July 1, 2021 and be completed by October 31, 2021.

g.	The parties will request permission to serve more than 25 interrogatories. Specifically, the parties respectfully request permission to serve 35 interrogatories.

h.	Plaintiffs intend to call expert witnesses at trial.  Defendants intend to call expert witnesses at trial.

i.	Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by November 15, 2021.  Depositions of any such experts will be completed by January 31, 2022.  Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 28, 2022.  Depositions of any such experts will be completed by May 15, 2022.

j.	Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) on any issues on which they do not bear the burden of proof by February 28, 2022.  Depositions of such experts will be completed by May 15, 2022.

j.	A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 15, 2022.

k. Undersigned counsel (after consultation with their respective clients concerning computer based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information ("ESI"), including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information:

(1) Parties will preserve relevant and responsive ESI and continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of certain non-relevant, non-responsive information;

(2) Parties will produce ESI that is relevant, responsive, not privileged, and reasonably accessible, as defined by Fed. R. Civ. P. 26(b) (2)(B), all subject to the Fed. R. Civ. P. 26(b)(2)(C) limitations that apply to all discovery;

(3) ESI responsive to discovery requests will be produced in either hard copy or in TIFF format on compact discs or other appropriate storage media, except for spreadsheets which are to be produced electronically, in native file format.

(4) Any emails to be produced will be produced with the attachments thereto, unless such attachment has been previously produced and is readily identifiable.

(5).   Parties will preserve, but not disclose, metadata concerning any ESI responsive to discovery requests and that metadata will be produced to the requesting party only upon entry of a court order upon good cause shown.

m.   Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization and costs of retrieval of information stored in paper or other non-electronic forms.  The parties agree that all such discoverable materials shall be preserved, that available objections to disclosure are not waived, and that any claims of privilege with shall be asserted in accordance with Fed. R. Civ. P. 26(b)(5) on a log pursuant to D. Conn. L. Civ. R. 37(a)(1)..

n.   Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

(1)   The producing party has the burden of retrieving and reviewing relevant, reasonably accessible and responsive ESI for privilege prior to production;

(2)   Claims of privilege with regard to ESI shall be asserted in accordance with Fed. R. Civ. P. 26(b)(5) on a log pursuant to D. Conn. L. Civ. R. 37(a)(1).

(3)   If privileged ESI is inadvertently produced, the parties have agreed that Fed. R. Civ. P. 26(b)(5)(B) shall control and that such production shall not constitute a waiver of the relevant privilege.

F.   *Other Scheduling Issues*.  Not applicable.

G.  *Summary Judgment Motions*.  Summary judgment motions, which must comply with Local Rule 56, will be filed on or before May 31, 2022.

H.  *Joint Trial Memorandum.*  The joint trial memorandum required by the Standing Order of Trial Memoranda in Civil Cases will be filed by May 31, 2022, in the event no dispositive motion is filed, or, in the event a dispositive motion is filed, within 30 days of the adjudication of such motion, unless a shorter or longer time period is ordered by the Court.

## VI. TRIAL READINESS

The case will be ready for trial by June 15, 2022.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

PLAINTIFF,
GAETANO PATAFIL

By: /s/ ct27935
Michael E. Skiber, Esq.
Law Offices of Michael E. Skiber
152 East Avenue
Norwalk, Connecticut 06854
Fed. Bar No. ct27935
P: 203-615-0090
F: 866-418-8045
E: attys@skiberlaw.com

        DEFENDANT,
        WALMART, INC.


By: *Michael P. Kenney*
    Michael P. Kenney
    Federal Bar. No. ct26768
    FREEMAN MATHIS & GARY, LLP
    CityPlace II
    185 Asylum Street, 6th Floor
    Hartford, CT 06103
    Phone:  959-202-4978
    Michael.kenney@fmglaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GAETANO PATAFIL,<br><br>        **Plaintiff,**<br><br>v.<br><br>WALMART, INC.,<br><br>        **Defendant.** | CASE NO.:<br>3:21-cv-00433-MPS<br><br><br>**CERTIFICATE OF SERVICE**<br><br><br>APRIL 21, 2021 |

    I hereby certify that on April 21, 2021, a copy of the foregoing document was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                                                        /s/ *Michael P. Kenney*
                                                                                                        Michael P. Kenney
                                                                                                        Fed. Bar No. ct26768