UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
GAETANO PATAFIL               :    Civ. No. 3:21CV00433(SALM)
                              :
v.                            :
                              :
WALMART, INC., et al.         :    November 23, 2021
                              :
------------------------------x
```

**RULING ON MOTION TO REMAND [Doc. #25]**

Plaintiff Gaetano Patafil ("plaintiff") has filed a motion to remand this matter to state court. [Doc. #25]. Defendant Walmart, Inc. ("defendant" or "Walmart") has not objected to plaintiff's motion and the 21-day period to file any objection has passed. See D. Conn. L. Civ. R. 7(a)(2). For the reasons stated below, plaintiff's Motion to Remand [**Doc. #25**] is **GRANTED**, absent objection.

I.  **Background**

Plaintiff, a resident of Connecticut, filed this personal injury action against Walmart in Connecticut State Superior Court on February 25, 2021. See Doc. #1-1. Plaintiff alleges that due to Walmart's negligence, he suffered injuries when he slipped and fell in "a puddle of water that originated from a freezer unit that contained ice bags[]" in defendant's Norwalk, Connecticut store. Id. at 1, ¶5; see also id. at 1, ¶¶3-6.

1

On March 29, 2021, Walmart removed this matter to federal court on the basis of diversity jurisdiction. See generally Doc. #1. On April 21, 2021, Walmart filed an answer to the Complaint. [Doc. #10]. On this same date, the parties filed the Joint Report of Rule 26(f) Planning Meeting. [Doc. #11]. On April 22, 2021, Judge Michael P. Shea issued a scheduling order requiring, inter alia, that the parties complete discovery by May 15, 2022, and file dispositive motions by May 31, 2022. See Doc. #12 at 1.

On October 15, 2021, this case was transferred to the undersigned. [Doc. #15]. Additional counsel appeared for plaintiff on October 22, 2021. [Docs. #19, #20]. On October 26, 2021, plaintiff moved to amend the Complaint to "add[] a new count of negligence against [Walmart's] Asset Protection Assistant Manager, Ronald F. Smith, Jr. as well as the store manager, Jaime Arsenault." Doc. #24 at 1. The proposed amended complaint alleges that Ronald F. Smith, Jr. "was and is a resident of West Haven, Connecticut[,]" Doc. #24-1 at 4, ¶2, and that Jaime Arsenault "was and is a resident of Wallingford, Connecticut." Id. at 7, ¶2.

Simultaneously with the motion to amend, plaintiff filed a motion "to remand this case to the Superior Court for the Judicial District of Stamford ... on the ground that this Court no longer has subject matter jurisdiction ... based upon the ...

addition" of Mr. Smith and Ms. Arsenault, which "destroys complete diversity of citizenship between the parties, as required by 28 U.S.C. §1332(a)(1)." Doc. #25 at 1.

Walmart did not object to the Motion to Amend. Accordingly, on November 22, 2021, the Court granted plaintiff's Motion to Amend, absent objection. See Doc. #29.

**II. Discussion**

Walmart asserts in the Petition for Removal that the Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1). See Doc. #1 at 2-3. District courts have jurisdiction based on diversity of citizenship in "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States." 28 U.S.C. §1332(a). "The citizenship requirement for diversity jurisdiction has been interpreted to mean complete diversity so that each plaintiff's citizenship must be different from the citizenship of each defendant." Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004). There is no dispute that at the time of removal, plaintiff and defendant Walmart were completely diverse. The addition of Mr. Smith and Ms. Arsenault, both of whom are Connecticut residents like plaintiff, arguably destroys the complete diversity required under 28 U.S.C. §1332(a)(1).

However, "[i]n limited circumstances, a named defendant may be disregarded in determining diversity under the doctrine of fraudulent joinder." Debiase v. Target Stores, Inc., No. 3:17CV00654(JBA), 2017 WL 2971859, at *1 (D. Conn. July 12, 2017).

> The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction. Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court.

Briarpatch, 373 F.3d at 302. To show fraudulent joinder, the burden is on a defendant to "demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998); accord Briarpatch, 373 F.3d at 302 ("The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff.").

Although the timing of plaintiff's motion to amend is a bit suspect given the lapse of time between it and the date of removal, "the standard for proving fraudulent joinder is a

4

stringent one." <u>Marr v. Mercedes-Benz USA, LLC</u>, No. 3:19CV01837(KAD), 2020 WL 1891630, at *2 (D. Conn. Apr. 16, 2020); see also <u>Reynolds v. Dollar Tree Distribution, Inc.</u>, No. 3:19CV01137(JAM), 2020 WL 1129909, at *3 (D. Conn. Mar. 9, 2020) ("[T]he burden to prove fraudulent joinder is a demanding one."). Walmart has not opposed plaintiff's motion, and on the current record, the Court does not find "clear and convincing evidence" of fraud in plaintiff's pleadings. <u>Pampillonia</u>, 138 F.3d at 461; <u>see also</u> <u>Reynolds</u>, 2020 WL 1129909, at *3 (granting motion to remand under similar circumstances as those here, where defendant failed to show that plaintiff sought "to amend the complaint in a manner that amounts to deception, misstatement, or outright fraud").

Nevertheless, "[w]here no outright fraud exists in a plaintiff's pleadings, a plaintiff may be deemed to have fraudulently joined a defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." <u>Szewczyk v. Wal-Mart Stores, Inc.</u>, No. 3:09CV01449(JBA), 2009 WL 3418232, at *2 (D. Conn. Oct. 19, 2009) (citation and quotation marks omitted). Defendant has not carried its burden on this point.

Plaintiff's Amended Complaint asserts claims of negligence against two additional defendants, each of whom are alleged to

be managers of defendant's Norwalk store and responsible for maintaining the premises there. See Doc. #24-1 at 4, ¶3; see also id. at 6, ¶3. "Connecticut law allows a plaintiff who has been injured on a company's premises to maintain a claim for negligence not only against the company itself but also against individual company employees who are responsible." Reynolds, 2020 WL 1129909, at *3 (citing Meek v. Wal-Mart Stores, 806 A2d 546 (Conn. 2002)). Relying on Meek, "numerous federal court decisions have remanded similar premises liability actions to state court, rejecting arguments that plaintiffs have engaged in fraudulent joinder by naming non-diverse corporate employees as defendants." Reynolds, 2020 WL 1129909, at *3; see also Szewczyk, 2009 WL 3418232, at *4 ("Connecticut law does not foreclose a claim against a store manager whose alleged negligence causes the same alleged injuries as the storeowner's alleged negligence."); Shannon v. Target Stores, Inc., No. 3:13CV00612(SRU), 2013 WL 3155378, at *2 (D. Conn. June 20, 2013) (same); Marr, 2020 WL 1891630, at *2 ("In Connecticut, a plaintiff in a premise liability case, such as this one, can sue and recover against a store manager for the manager's negligence.").

Accordingly, the Court cannot conclude that "there is no possibility that the claims against [Mr. Smith and Ms.

6

Arsenault] could be asserted in state court." Briarpatch, 373 F.3d at 302. Thus, the joinder of Mr. Smith and Ms. Arsenault, each of whom is a Connecticut resident, has destroyed complete diversity of citizenship between plaintiff and defendants. Accordingly, the Court lacks subject matter jurisdiction over this case, and plaintiff's Motion to Remand [**Doc. #25**] is **GRANTED**.

### III. Conclusion

For the reasons stated, and absent objection, plaintiff's Motion to Remand [**Doc. #25**] is **GRANTED**.

The Clerk of the Court shall close this case and **REMAND** the action in accordance with Local Rule 83.7 to the Connecticut Superior Court, Judicial District of Stamford.

It is so ordered at New Haven, Connecticut, this 23rd day of November, 2021.

                                      /s/
                          HON. SARAH A. L. MERRIAM
                          UNITED STATES DISTRICT JUDGE